UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Jonathan Fredrick Dillard,
a/k/a Jonathan Frederic Dillard,

          Petitioner,

vs.                          REPORT AND RECOMMENDATION

United States,

          Respondent.         Civ. No. 05-1399 (DSD/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Jonathan Fredrick Dillard for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached
(continued...)

I.  Factual and Procedural Background

In February of 2003, the Petitioner was convicted in the United States District Court for the District of Idaho on a Federal criminal charge -- the nature of which is not disclosed in the present Record.  He was sentenced to sixty (60) months in Federal prison, and he is currently serving his sentence at the Federal Medical Center, in Rochester, Minnesota.  See Petition, p. 2, ¶¶1-4, Docket No. 1.

The Petitioner did not challenge his conviction and sentence on direct appeal. Id. at ¶7.  At some point, however, the Petitioner did challenge his conviction and sentence in a Motion, which was commenced in the Trial Court pursuant to Title 28 U.S.C. §2255.  Id. at pp. 3-4, ¶¶ 10-11.  The current Petition reveals that the Petitioner's Section 2255 Motion is still pending before the Trial Court at this time. Id. at p. 4, ¶11(c).

---

[1](...continued)
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although the Rules governing Section 2254 cases are most directly applicable to Habeas Petitions filed by State prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to Habeas cases brought under Title 28 U.S.C. §2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990).

The Petitioner is now attempting to mount another collateral attack on his conviction and sentence by his current application for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. He claims that his Federal conviction and sentence, in 2003, should be overturned on several grounds, including "breech [sic] of contract," "illegal sentence," "slander and libel," "Fed. pros. lied to witness," "coerced to plea[d] guilty," "needing more time to fill out motions," "civil rights ignored," "did not understand what I was pleading to," and "needing legal counsel." Id. at p. 3 ¶ 9, and attachment.

We conclude that the Petitioner cannot challenge his Federal conviction and sentence in a Section 2241 Habeas Corpus proceeding, and therefore, we recommend that this action be summarily dismissed for lack of jurisdiction.

### III.  Discussion

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255. The fifth paragraph of Section 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or

>that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion brought in the Trial Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255* * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241."). No court has jurisdiction to hear such a challenge under Title 28 U.S.C. §2241, or otherwise, unless the Petitioner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * * [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title 28 U.S.C. §2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(same).

Here, it is readily apparent that the Petitioner is challenging the conviction and sentence in his 2003 Federal criminal case. He claims that his conviction and sentence, in that case, were entered in violation of his legal and constitutional rights, and that his conviction and sentence should, therefore, be vacated. Thus, the Court finds that the

present Petition is clearly subject to, and barred by, the Section 2255 exclusive remedy rule.

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed as a Motion brought under Section 2255. The matter can then be transferred to the Trial Court in order that the prisoner's claims can be addressed on their merits, there. In this case, however, the Petitioner is precluded from seeking relief under Section 2255, because he has already filed a Section 2255 Motion in the Trial Court. Any new Section 2255 proceeding, that the Petitioner might now attempt to pursue, would have to be treated as a "second or successive" application for relief which, under the Anti-terrorism and Effective Death Penalty Act, could not be entertained by the Trial Court without the prior approval of the United States Court of Appeals for the Ninth Circuit. See, Title 28 U.S.C. §2244(b)(3); Title 28 U.S.C. §2255, at ¶8.[2]

---

[2] As pertinent, Title 28 U.S.C. §2255 [¶8] provides as follows:

> A second or successive motion [under Section 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to
> (continued...)

Without a pre-authorization Order, from the appropriate Court of Appeals, a Trial Court cannot exercise jurisdiction over a second or successive Section 2255 Motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also, Boykin v. United States, 2000 WL 1610732 (8th Cir., October 30, 2000). Since the Petitioner has not obtained a pre-authorization Order from the United States Court of Appeals for the Ninth Circuit, the Trial Court may not entertain a new Section 2255 Motion at this time. Id. As a result, it would be inappropriate to construe the present Habeas Corpus Petition as a Section 2255 Motion, and then attempt to transfer the matter to the Trial Court in which the Petitioner was convicted and sentenced.

---

$^2$(...continued)
      establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or

      (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In turn, as relevant, Title 28 U.S.C. §2244(b)(3) provides:

      (A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Furthermore, Petitioner is unable to show that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention," and that, as a result, he should be allowed to challenge his conviction and sentence in a Section 2241 Habeas Corpus Petition.  Indeed, it appears that the Petitioner has already filed a Section 2255 Motion in the Trial Court, and he has made no effort to show that his current claims could not have been brought in that proceeding.[3]

Accordingly, we recommend that the Petitioner's current attempt to challenge his conviction and sentence should be summarily dismissed for lack of jurisdiction, because the Petitioner cannot challenge his conviction and sentence in a Section 2241 Petition, without first demonstrating that the remedy provided by Section 2255 is inadequate or ineffective -- which he has not done.  See DeSimone v. Lacy, supra at 323-24(Section 2241 Habeas Petition challenging judgment entered in a different District was properly dismissed for lack of subject matter jurisdiction, where the

---

[3]If the Petitioner's Section 2255 Motion is still pending before the Trial Court, as his Petition seems to indicate, then he might be able to amend that Motion to include whatever new and different claims, if any, he is attempting to bring in his current Section 2241 Habeas Corpus Petition. Needless to say, however, we do not so much as intimate that the Trial Court should, or even could, accept any amendment to any Section 2255 Motion that may now be pending.

Petitioner had not demonstrated that Section 2255 Motion was an inadequate or ineffective remedy).

Lastly, we also recommend that the Petitioner's application for leave to proceed in forma pauperis, Docket No. 5, and his Motion for Appointment of Counsel, Docket No. 2, be denied as moot, as he has failed to state a Habeas Corpus claim on which relief can be granted.  See Title 28 U.S.C. §1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074 n. 3 (8th Cir. 1996)(in forma pauperis application should be denied where Habeas Petition cannot be entertained).

NOW, THEREFORE, It is –

RECOMMENDED:

1.	That the Petitioner's application for Habeas Corpus relief under Title 28 U.S.C. §2241 [Docket No. 1], be summarily dismissed for lack of jurisdiction.

2.	That the Petitioner's Motion for Appointment Of Counsel [Docket No. 2], be denied, as moot.

3.   That the Petitioner's application for leave to proceed in forma pauperis [Docket No. 2], be denied, as moot.

BY THE COURT:

Dated: July 29, 2005

*s/Raymond L. Erickson*
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 15, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than August 15, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.